UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHAVIR SINGH,<br><br>                Petitioner,<br><br>        v.<br><br>SERGIO ALBARRAN, Field Office Director of Enforcement and Removal Operations, ERO San Francisco Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD LYONS, Acting Director of the United States Immigration and Customs Enforcement; PAMELA BONDI, U.S. Attorney General; Executive Office for Immigration Review; Warden of the Golden State Annex Facility,<br><br>                Respondents. | No.  1:26-cv-01324-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Mahavir Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 3.  The Court has previously addressed the legal issues raised by claims three and four of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 7. Respondents "submit there are no significant factual or legal issues in this case that materially distinguish it from this Court's prior Orders." Doc. 8 at 1. While respondents oppose the petition, they do not raise any new arguments.[1] *See id.* at 1–2.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claims three and four, for the reasons addressed in those prior orders.[3]

---

[1] Two courts of appeal have addressed whether 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens who have resided in the United States without having been admitted. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)); *Buenrostro-Mendez v. Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)). Respondents cite to the *Buenrostro-Mendez* decision. Doc. 8 at 1–2. The Court finds the analysis in *Castañon-Nava* and in the dissent in *Buenrostro-Mendez* to be more persuasive on the statutory interpretation issue. In any event, the *Buenrostro-Mendez* decision did not address the due process claim at issue in the present case.

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 8 at 2. But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims three and four.

2

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   February 19, 2026

_____
UNITED STATES DISTRICT JUDGE